# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ALLEN KOERSCHNER,

    *Petitioner*,

vs.

MICHAEL BUDGE, *et al.*,

    *Respondents.*

3:05-cv-00587-ECR-VPC

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on the respondents' motion (#71) to dismiss.  Respondents seek the dismissal of Grounds 3, 4 and 5 in the most-recent counseled amended petition (#63) as time-barred, and respondents further seek dismissal of the amended petition as a mixed petition on the basis that Grounds 6, 7 and 8(A) are not exhausted.

### *Timeliness*

Petitioner mailed his original *pro se* petition for filing on or about October 25, 2005. The Court ultimately appointed the Federal Public Defender as counsel for petitioner In October 2007, and counsel filed the present amended petition on June 16, 2008.  Grounds 3, 4, and 5 of the amended petition were not included in the original petition.  Petitioner makes no argument that these three grounds relate back to the claims in the original petition for purposes of timeliness under Rule 15(c) of the Federal Rules of Civil Procedure. Petitioner discusses the Supreme Court's holding in *Mayle v. Felix,* 545 U.S. 644, 125 S.Ct.

2562, 162 L.Ed.2d 582 (2005), regarding relation back of habeas claims, but, at bottom, he makes no argument applicable to this case that Grounds 3, 4 and 5 relate back to any claim or claims in the original petition. See #76, at 5-8. The sole argument presented is that the claims are not untimely because the one-year federal limitation period under 28 U.S.C. § 2244(d)(1) was equitably tolled as to these claims until the appointment of federal habeas counsel. *Id.* On the showing and arguments made, the sole question presented as to the timeliness of these claims therefore is one of equitable tolling rather than an issue of relation back.

Equitable tolling of the federal limitation period is appropriate only if the petitioner can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002)(*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

The Court is not persuaded that the petitioner has cleared the high threshold necessary to trigger equitable tolling as to these claims or that he has presented factual circumstances that would warrant an evidentiary hearing in this regard. Petitioner presented claims corresponding to amended federal Grounds 3, 4 and 5 on direct appeal in the state courts. See #63, at 6, lines 23-25; #71, at 5-6. Since that time, petitioner has filed, *inter alia*, a *pro se* state post-conviction petition, the *pro se* original federal petition (#8) in this matter, and two *pro se* amended petitions (## 23 & 28) in this matter. The *pro se* original federal

1  petition included a claim corresponding to current amended federal Ground 2, which in turn
2  corresponds to a claim that also was presented on his direct criminal appeal.  Compare #8,
3  at electronic docket page 9 with #63, at pages 9-10.

4        Petitioner has not established the existence of an extraordinary circumstance that,
5  while *not* standing in the way of his timely filing the direct appeal claim in amended federal
6  Ground 2 (as original Ground 4) in his original *pro se* federal petition, nonetheless somehow
7  *did* prevent him from also timely filing the direct appeal claims in amended federal Grounds
8  3, 4 and 5 at the same time.  Petitioner's equitable tolling argument boils down to nothing
9  more than the bald proposition that he is entitled to equitable tolling because of his *pro se*
10 status prior to the appointment of federal habeas counsel.  It is well-established law, however,
11 that a habeas petitioner's *pro se* status does not provide a basis for equitable tolling.
12 *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).  Moreover, in this case, the
13 circumstances concerning legal resources at the Lovelock Correctional Center that prompted
14 the Court to appoint federal habeas counsel arose after the filing of the original petition in this
15 matter.  See *Koerschner v. Warden*, 508 F.Supp.2d 849, 851 (D.Nev. 2007).  There thus
16 clearly can be no causal connection between, on the one hand, either the absence of
17 appointed counsel and/or the situation leading to the appointment of counsel and, on the
18 other, any alleged inability to timely file amended federal Grounds 3, 4 and 5 in the original
19 petition, for two fundamental reasons.  First, petitioner was able to file the direct appeal claim
20 in amended federal Ground 2 (*i.e.*, original federal Ground 4), as well as numerous other
21 claims, notwithstanding his *pro se* status.  Second, as noted, the circumstances prompting
22 the appointment of federal habeas counsel arose after the filing of the original petition.  Again,
23 merely because petitioner was proceeding *pro se* when he filed the original petition provides
24 no basis for equitable tolling.  *Rasberry, supra*.[1]

---

[1] The Court makes no holding by negative implication that the legal resource issues at Lovelock would have provided a basis for equitable tolling with respect to these claims if they had occurred prior to the filing of the federal petition.  Any such legal resource issues would not have prevented a petitioner from, at the very least, repeating claims from a direct appeal brief in the federal habeas petition.

(continued...)

Amended Grounds 3, 4 and 5 accordingly will be dismissed with prejudice as time-barred.

### *Exhaustion*

Petitioner presented claims corresponding to amended federal Grounds 6, 7 and 8(A) in an extraordinary original petition for a writ of habeas corpus that he filed directly in the Supreme Court of Nevada. The state high court rejected this extraordinary original petition without reaching the merits. The court concluded that intervention by way of extraordinary relief was not warranted, noting that a challenge to the validity of a judgment of conviction instead should be raised in a post-conviction petition for a writ of habeas corpus filed in the state district court in the first instance. See #70, Exhs. 104 & 108.

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court remedies on a claim before presenting the claim to the federal courts. To satisfy this

---

[1](...continued)
The Ninth Circuit's decision in *Brown v. Roe*, 279 F.3d 742 (9th Cir. 2002), is not contrary to the Court's holding herein. Petitioner relies upon *Brown* as support for the proposition that an evidentiary hearing must be held on a claim of equitable tolling based upon *pro se* status. The Ninth Circuit held in *Brown*, however, that the federal district court abused its discretion in refusing to consider a *pro se* petitioner's equitable tolling argument because he raised it for the first time in his objections to a magistrate judge's report and recommendation. The Ninth Circuit made no holding either that *pro se* status establishes a basis for equitable tolling or that an evidentiary hearing was required. The Court of Appeals instead remanded for consideration of the equitable tolling argument "and appropriate development of the record." 279 F.3d at 746. The Court of Appeals did not address the underlying equitable tolling argument. *Brown* does not in any sense support the proposition that mere *pro se* status itself is a basis for equitable tolling or for an evidentiary hearing on tolling. *Pro se* status instead was a concern in *Brown* vis-à-vis the district court's adherence to a rule not permitting new argument in an objection to a magistrate judge's report and recommendation, notwithstanding the petitioner's *pro se* status and unfamiliarity with the Federal Magistrate's Act.

Petitioner further states in his argument that he filed the original petition "without the benefit of counsel nor the ability to conduct investigation to locate witnesses or documents that could support his grounds for relief." #76, at 7. Petitioner does not present any specific facts or supporting evidence in any way tending to establish that – on the direct appeal claims in amended federal Grounds 3, 4 and 5 – he was unable, without appointed counsel, to obtain sufficient materials to file these particular direct appeal claims. Petitioner filed the direct appeal claim in amended federal Ground 2 (original federal Ground 4) without counsel, and federal habeas petitioners routinely file direct appeal claims without appointed counsel. Even when they do not initially have the direct appeal briefs, these materials typically can be obtained by a *pro se* petitioner without the assistance of counsel -- either by a request to former counsel for the file and/or a *pro se* motion or petition for production of the relevant materials in the state district court. Petitioner, again, fails to establish any causal connection between his *pro se* status and any extraordinary circumstance standing in his way of timely filing these particular direct appeal claims.

-4-

exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003).

It is long-established law that a claim is not fairly presented and is not exhausted when a petitioner fails to present the claim in state district court under available state post-conviction procedures and instead presents the claim in an original petition to the state's high court seeking to invoke an extraordinary discretionary jurisdiction. *See,e.g., Pitchess v. Davis*, 421 U.S. 482, 488, 95 S.Ct. 1748, 1752, 44 L.Ed.2d 317 (1975); *Ex part Hawk*, 321 U.S. 114, 116, 64 S.Ct. 448, 449-50, 88 L.Ed. 572 (1944); *Sweet v. Cupp*, 640 F.2d 233, 238 (9th Cir. 1981). *Accord Lindquist v. Gardner*, 770 F.2d 876 (9th Cir. 1985). *See also Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989)(presenting a claim in a procedural context in which the merits of the claim will not be considered, or will be considered only in special circumstances, does not constitute fair presentation of the claim); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994)(applying rule to filing of original writ in state high court).

The Supreme Court of Nevada has a longstanding policy of declining to exercise its original jurisdiction due to the availability of post-conviction remedies in the state district courts. Indeed, in *Blair v. Crawford*, 275 F.3d 1158 (9th Cir. 2002), the Ninth Circuit observed that "the Nevada Supreme Court has not issued a writ of habeas corpus under its original jurisdiction since the passage of N.R.S. 34.720 *et seq*." 275 F.3d at 1159.

Less than two weeks prior to its order denying Koerschner's extraordinary original petition, the Supreme Court of Nevada – once again – reaffirmed this longstanding policy of declining to exercise its original jurisdiction. In *Hosier v. State*, 121 Nev. 409, 117 P.3d 212 (Nev. 2005), the state high court reiterated its disapproval of the practice of filing of original petitions in that court in the strongest of terms:

> In his petition, Hosier . . . argues that Article 6, Section 4
> of the Nevada Constitution entitles him to this court's review of

the merits of his claims. Article 6, Section 4 provides that this court has jurisdiction to "issue all writs necessary or proper to the complete exercise of its appellate jurisdiction." Based on this language and the Ninth Circuit Court of Appeals decision in *Blair v. Crawford*, Hosier apparently argues that we are compelled to exercise our original jurisdiction to consider the merits of his claims because "procedural and time snarls" have previously prevented this court from reviewing his claims on the merits. . . .

Hosier's arguments are unpersuasive. Although this court retains original jurisdiction to issue writs, this court will not exercise its original jurisdiction to consider a writ petition in a criminal case raising claims that could or should have been raised in an appeal or in an appropriate post-conviction proceeding in the district court. A challenge to the validity of the judgment of conviction should be raised in a post-conviction petition for a writ of habeas corpus filed in the district court in the first instance. A party aggrieved by the district court's resolution of a post-conviction habeas petition may then appeal the decision to this court. Such an appeal completes this court's exercise of its appellate jurisdiction.

Further, Hosier's reliance upon *Blair* is misplaced. *Blair* does not require this court to exercise its original jurisdiction to consider the merits of claims raised in original petitions filed in this court in the first instance. Rather, *Blair* recognizes that the filing of an original petition in this court serves as a tolling document for federal habeas corpus purposes. In fact, as *Blair* observes, this court "has not issued a writ of habeas corpus under its original jurisdiction since the passage of NRS 34.720 et seq." Thus, we decline to exercise this court's original jurisdiction to consider this original petition challenging the validity of the judgment of conviction.

Strong policy reasons support our determination. Original petitions are not accompanied by a complete record on appeal. Thus, this court's ability to review claims challenging the judgment of conviction is seriously limited. In addition, the Nevada Constitution limits this court's appellate jurisdiction to questions of law alone. Our consideration of many petitions of this type would require this court to exceed its appellate jurisdiction because the claims presented often require evidentiary and factual determinations. This court is not a fact-finding tribunal; the district court is the most appropriate forum to resolve such issues. Finally, petitions seeking this court's exercise of original jurisdiction compromise this court's interest in the finality of judgments--especially when they are intended to circumvent procedural bars, as appears to be the case here.

This court has received a number of similar frivolous petitions seeking this court's exercise of original jurisdiction. These petitions challenge the validity of the judgments of conviction and are in essence thinly-disguised petitions for writs of habeas corpus. We caution such petitioners that deductions of time earned by a prisoner may be forfeited if a court finds that

> the prisoner has filed a document in a civil action that contains a claim or defense included for an improper purpose, that is not supported by existing law or reasonable argument for a change in existing law, or that contains allegations or information presented as fact for which evidentiary support is not available or is not likely to be discovered after further investigation. These petitions waste scarce judicial resources, and this court will take all appropriate steps necessary to curb abusive and vexatious filings.

121 Nev. at 411-12, 117 P.3d at 213-14 (citations omitted).

This Court accordingly has repeatedly rejected arguments by *pro se* habeas petitioners that the presentation of claims in an extraordinary original petition in the Supreme Court of Nevada fairly presents and exhausts habeas claims. Both this Court and the Ninth Circuit have denied a certificate of appealability as to the issue.[2]

Petitioner does not contend otherwise. Petitioner instead contends that his extraordinary petition exhausted the claims because he had no other procedural avenue to exhaust the claims. On his state post-conviction appeal, Koerschner's appointed counsel did not present claims corresponding to amended federal Grounds 6, 7 and 8(A). Koerschner filed *pro se* motions in the Supreme Court of Nevada to dismiss counsel, to file *pro se* pleadings and papers, and to have the State's papers served upon him. The state high court denied these motions but granted permission for appointed counsel to file a supplemental brief. Koerschner thereafter filed his *pro se* extraordinary original petition, which the state high court denied for the reasons discussed above. Appointed counsel subsequently filed a supplemental brief, but the brief did not assert claims corresponding to amended federal Grounds 6, 7 and 8(A). See #76, at 9-10. In this federal habeas matter, petitioner contends that exhaustion is not required under 28 U.S.C. § 2254(b)(1)(B)(ii) because "circumstances exist that render such process ineffective to protect the rights of the applicant." He maintains that he did everything that he could to present the claims but was not allowed to do so.

---

[2] *See, e.g., Shannon David Bigrigg v. Nevada Department of Corrections*, No. 3:05-cv-00228-KJD-VPC, ## 24, 28 & 34; *David Matthew Burbank v. Nevada Department of Corrections*, No. 3:05-cv-00583-LRH-VPC, ## 6, 9 & 16 (stating in #6 that the petitioner's exhaustion argument "is frivolous, has been repeatedly rejected by this Court in past cases, and is plainly foreclosed by governing Ninth Circuit authority").

Petitioner's argument misses the mark. Petitioner clearly could have fairly presented and exhausted the claims by filing a *pro se* petition in the state district court rather than instead asserting the claims via a procedural vehicle in which they certainly would not be considered on the merits under long-established law. Regardless of whether such a *pro se* state post-conviction petition thereafter was adjudicated on the merits or instead was rejected on procedural grounds, the claims therein then would have been fairly presented to the state courts and exhausted. Petitioner's arguments regarding the Nevada Supreme Court's denial of his request to present *pro se* argument on the represented state post-conviction appeal in truth is a red herring. The lack of exhaustion of amended federal Grounds 6, 7 and 8(A) instead flows instead from the petitioner's failure to pursue the remedy specifically referenced in the Nevada Supreme Court's order dismissing the extraordinary original petition, *i.e.* a state post-conviction petition in the state district court. Any issues regarding the state courts' failure to consider the claims *pro se* initially on the represented state post-conviction appeal – as well as any issues regarding any failure thereafter to grant relief on the claims when presented in a *pro se* state petition – then would have come before this Court within the context of fairly presented and exhausted claims.[3]

Grounds 6, 7 and 8(A) are not exhausted.

IT THEREFORE IS ORDERED that the respondents' motion (#71) to dismiss is GRANTED in accordance with the remaining provisions of this order.

IT FURTHER IS ORDERED that Grounds 3, 4 and 5 of the amended petition (#63) are DISMISSED with prejudice as time-barred.

---

[3] The Court notes that – even on direct appeal in the underlying criminal case – a defendant does not have a constitutional right to have appointed counsel present every nonfrivolous issue requested by the defendant. *See Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). It is far from a foregone conclusion that a state post-conviction remedy is "ineffective to protect the rights of the applicant" under Section 2254(b)(1)(B)(ii) because appointed counsel declines to present every issue requested by the petitioner and the state court then does not allow the petitioner to present argument *pro se*. In any event, the critical point with regard to the present exhaustion issue in this case is that petitioner had a procedural vehicle available to him to present the claims *pro se* and he instead selected a procedural vehicle in which the claims most certainly would not be considered on the merits. Koerschner's use of the extraordinary writ procedure is what leads to the holding of non-exhaustion in this case.

IT FURTHER IS ORDERED that petitioner shall have thirty (30) days from entry of this order within which to file a motion for dismissal without prejudice of the petition, as amended, for partial dismissal only of the unexhausted amended Grounds 6, 7 and 8(A), and/or for other appropriate relief. Any motion filed must contain or be accompanied by, either contemporaneously or via a document filed within ten (10) days thereafter, a signed declaration by petitioner under penalty of perjury pursuant to 28 U.S.C. § 1746 that he has conferred with his counsel in this matter regarding his options, that he has read the motion, and that he has authorized that the relief sought therein be requested from the Court. The entire petition, as amended, will be dismissed without prejudice for lack of complete exhaustion if a motion and/or the required verification is not timely filed.

Lastly, the Court reiterates its intention to conclude all aspects of this case as promptly as possible and in any event no later than March 31, 2009. **No extensions of time will be granted herein except in extraordinary circumstances, and this matter remains a priority matter vis-à-vis later-filed cases in this Court.**

Unless the matter is dismissed or stayed on the petitioner's requested *Rose* choice,[4] the Court will be proceeding promptly to a resolution of the merits of the remaining claims, *i.e.*, Grounds 1, 2, and 8(B), on an expeditiously-filed answer and reply. If petitioner's counsel's recent election to the state district bench will require the transfer of the file prior to a final resolution of the matter, the Court would request and direct that counsel transfer the file at a time of her choosing that will not delay the prompt disposition of the matter.

DATED: November 24, 2008

_____
EDWARD C. REED
United States District Judge

---

[4] *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).