**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ALLEN KOERSCHNER,

    *Petitioner*,

vs.

MICHAEL BUDGE, *et al.*,

    *Respondents.*

3:05-cv-00587-ECR-VPC

ORDER

This represented habeas matter under 28 U.S.C. § 2254 comes before the Court on: (a) petitioner's motion (#89) for a stay for exhaustion of Ground 1 and for reconsideration of the prior dismissal of the unexhausted Grounds 6, 7 and 8(a) so that exhaustion of these claims may be pursued as well on the requested stay; and (b) respondents' motion styled as a counter-motion for summary judgment seeking the dismissal of Ground 1 as untimely. This order follows upon an initial round of briefing (## 89, 91 & 92) as well as upon a second round of stand-alone supplemental briefing (## 95, 97 & 98) ordered by the Court following upon intervening authority from the Ninth Circuit.

### *Background*

Petitioner Allen Koerschner seeks to set aside his 1997 Nevada state conviction, pursuant to a jury verdict, of two counts of sexual assault with a minor. He is sentenced to two consecutive life sentences with the possibility of parole after ten years on each sentence.

Petitioner mailed his *pro se* original federal petition to the Clerk for filing on or about October 25, 2005. The Court appointed counsel for petitioner relatively late in the federal

proceedings following upon concerns as to petitioner's access to the courts after substantial limitations were placed upon his access to prison legal resources. *See Koerschner v. Warden*, 508 F.Supp.2d 849 (D. Nev. 2007).

On June 16, 2008, petitioner filed a counseled amended petition. On July 16, 2008, respondents filed a motion to dismiss contending that Grounds 3, 4 and 5 were time-barred and that Grounds 6, 7 and 8(A) were not exhausted. The motion did not challenge Ground 1 on any basis.[1]

By an order entered on November 24, 2008, the Court dismissed Grounds 3, 4 and 5 with prejudice as time-barred, and the Court held that Grounds 6, 7 and 8(A) were not exhausted. The Court gave petitioner an opportunity to file a motion for dismissal without prejudice of the entire mixed petition, for partial dismissal only of the unexhausted grounds, and/or for other appropriate relief.[2]

On January 14, 2009, petitioner moved for partial dismissal of the unexhausted Grounds 6, 7 and 8(A). The Court granted the motion and dismissed the claims without prejudice on January 26, 2009. The Court directed respondents to file an answer on the merits on the remaining grounds in the petition, *i.e.,* Grounds 1, 2 and 8(B).[3]

On February 20, 2009, respondents filed an answer on the merits. Respondents included with their response on the merits an objection to Ground 1 based upon a failure to exhaust the claim.[4]

On March 19, 2009, the Court held that Ground 1 was not exhausted. The Court accordingly, as required by governing law, once again gave petitioner an opportunity to file a motion for dismissal without prejudice of the entire mixed petition, for partial dismissal only of the unexhausted ground, and/or for other appropriate relief. #88.

---

[1] See ## 63 & 71.

[2] #78.

[3] ##83 & 85.

[4] #86, at 3-4 & 6-10.

      In his April 15, 2009, motion, petitioner requested a stay pursuant to *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), in order to return to state court to exhaust Ground 1. Petitioner further requested that the Court reconsider and vacate its earlier dismissal of Grounds 6, 7, and 8(A) as petitioner wished to seek to exhaust these claims along with Ground 1 during the stay. Petitioner maintained that his earlier decision to seek dismissal of these claims was made against the backdrop of a situation in which he would be able to proceed forward on, *inter alia*, Ground 1 without further state proceedings. He asserted that if he instead had been presented at the time of his earlier election with a situation where the Court was holding that Ground 1 also was unexhausted, he would have opted to file a motion for a stay rather than a motion for partial dismissal.

      On May 5, 2009, subsequent to the filing of the opposition and reply on the motion, the Ninth Circuit issued its decision in *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009), *petition for cert. filed*, ___ U.S.L.W. ___ (U.S., Jul. 2, 2009)(No. 09-5100). Following upon earlier *dicta* in *Jackson v. Roe*, 425 F.3d 654 (9th Cir. 2005), the Ninth Circuit held in *King* that the stay-and-abey procedure approved in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), remained a viable alternative following the Supreme Court's intervening *Rhines* decision. Under the *Rhines* stay procedure, a petitioner could obtain a stay of the federal proceedings without the necessity of dismissing the unexhausted claims if he could satisfy the requirements for a *Rhines* stay, including a demonstration of good cause for the failure to exhaust state court remedies. In contrast, under the *Kelly* stay procedure, a petitioner could obtain a stay of the federal proceedings without demonstrating good cause. However, he would have to dismiss the unexhausted claims to obtain a *Kelly* stay, thereby running the substantial risk that, absent relation back, the claims would be time-barred when he sought to reopen the federal case and to amend to present the previously-dismissed claims. 564 F.3d at 1138-41.

      The Court ordered supplemental briefing to allow petitioner an opportunity to consider his options against the backdrop of the two alternative stay procedures that the intervening authority in *King* confirmed were available.

      / / / /

In the supplemental briefing, petitioner reiterated his desire to invoke the *Rhines* stay procedure.

Respondents included within their supplemental opposition a motion styled as a counter-motion for summary judgment seeking the dismissal of Ground 1 as untimely. Respondents contended that *King* also established a broad rule under which a claim in an amended petition properly could relate back to a claim in a prior petition under Rule 15(c) of the Rules of Civil Procedure only if the claim in the earlier petition was exhausted prior to the expiration of the federal habeas limitation period in 28 U.S.C. § 2244(d). Respondents assert that the claims in the original petition corresponding to amended Ground 1 were not exhausted prior to the expiration of the federal habeas limitation period (or since) and that the subsequent counseled amended Ground 1 therefore was untimely because it did not relate back to an exhausted claim.

Meanwhile, on or about June 4, 2009, petitioner mailed for filing a state petition seeking to exhaust Grounds 1, 6, 7 and 8(A), in a stated effort to minimize delay in the event of a favorable ruling by this Court on his motion for a stay and reconsideration.[5]

Accordingly, the issues presented on the briefing, as supplemented, include the following:

    (1)    Whether petitioner has satisfied the requirements for a *Rhines* stay and, in particular, the good cause requirement, as to Ground 1;

    (2)    Whether the Court should reconsider and vacate the interlocutory dismissal of Grounds 6, 7, and 8(A); and

    (3)    Whether amended Ground 1 is untimely because relation back allegedly is available under Rule 15(c) only if the claim in the prior petition is exhausted.

---

[5] See #98, at 9.

***Discussion***

***Satisfaction of the Requirements for a Rhines Stay***

In *Rhines*, the Supreme Court held that the grant of a stay of federal proceedings pending complete exhaustion of a mixed habeas petition is appropriate when there was good cause for the petitioner's failure to exhaust his claims first in state court, the claims are not plainly meritless, and the petitioner has not engaged in abusive litigation tactics or intentional delay. 544 U.S. at 278, 125 S.Ct. at 1535.

While the full contours of what constitutes "good cause" in this context remain to be developed in the jurisprudence, the Ninth Circuit has held that a requirement that the petitioner show "extraordinary circumstances" to obtain a stay does not comport with the good cause standard in *Rhines*. *See Jackson*, 425 F.3d at 661-62. The undersigned further held in *Riner v. Crawford*, 415 F.Supp.2d 1207 (D.Nev. 2006), following upon the Ninth Circuit's holding in *Jackson*, that the good cause standard under *Rhines* is not so strict a standard as to require a showing of some extreme and unusual event beyond the control of the petitioner to warrant a stay. 415 F.Supp.2d at 1210. The Court held hat good cause could be demonstrated by a showing of reasonable confusion regarding the exhaustion of the claim and/or a failure of counsel to pursue the claim in state court in contravention of the petitioner's clearly expressed desire to raise the claim. *Id*., at 1211.

In the present case, the Court is persuaded that petitioner has demonstrated good cause for the failure to exhaust Ground 1, based upon the combination of a reasonable confusion as to the exhaustion of the claims and the failure of state counsel to pursue the claims as requested. This Court and respondents, collectively, have referred to the state court procedural history underlying the exhaustion issue as to Ground 1 as "unusual," "complicated," "somewhat convoluted," and "apparently somewhat rare."[6] Respondents did not include Ground 1 in the claims challenged for lack of exhaustion in their motion to dismiss, and respondents asserted an exhaustion defense to Ground 1 only after being directed to file

---

[6] See #88, at 6 n.11 (Court); #86, at 7 & 10 (respondents).

an answer on the merits of the grounds remaining in the petition. Neither a mere failure by the respondents to initially recognize an exhaustion defense on a claim nor a mere impression by a petitioner that a claim was exhausted will be sufficient to establish good cause for a failure to exhaust. *See,e.g., Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008), *cert. denied*, 129 S.Ct. 2771 (2009)(mere impression that claim was exhausted does not establish good cause under *Rhines*). In the present case, however, petitioner's reasonable confusion as to the exhaustion of the claims against the backdrop of the convoluted state court record together with his extensive (albeit ultimately ineffectual vis-à-vis the exhaustion requirement) efforts to pursue the claims at various stages after state counsel did not honor his requests to do so[7] establish good cause under *Rhines*.

Respondents otherwise do not actively dispute that petitioner can satisfy the remaining *Rhines* requirements that the claims in Ground 1 are not plainly meritless and that petitioner has not engaged in abusive or intentionally dilatory litigation tactics.[8]

The Court accordingly holds that petitioner has satisfied the requirements for a *Rhines* stay.[9]

### *Reconsideration as to Grounds 6, 7 and 8(A)*

Grounds 6, 7 and 8(A) were dismissed by an interlocutory order rather than by a final judgment. The law is well-established that a district court has plenary authority over an interlocutory order, and the court has the inherent power to reconsider, revise or amend the order, without regard to the limitations of Rules 59 and 60. *See,e.g., City of Los Angeles, Harbor Division v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). In the

---

[7] See Petitioner's Supplemental Memorandum, #95, at 9-10 (summarizing the related state court procedural history).

[8] See Respondent's Supplemental Memorandum, #97, at 7, lines 10-18.

[9] The Court expresses no opinion as to whether the circumstances presented satisfy the cause and prejudice standard with respect to any claim of procedural default. The Court's holding herein should not be read as an express or implied holding on this issue or any other issue. The Court holds only that the criteria for a stay under *Rhines* have been satisfied, and its findings and holding are expressly limited to that specific context.

present case, petitioner requested the dismissal of these grounds, as opposed to other alternative requests, in a tactical decision made against the backdrop of a situation in which Ground 1 and other claims then would be considered on the merits.  In fairness, due to respondents' piecemeal assertion of the exhaustion defense, petitioner should be placed back in the same situation in which he would have been had respondents instead asserted the exhaustion defense to all of the unexhausted claims at the same time, as they in truth should have done. While respondents' piecemeal assertion of the exhaustion defense perhaps may be somewhat understandable due to the complicated state court record and while it does not appear that respondents have proceeded in bad faith, the detriment to the petitioner is the same.  He has been compelled to make a tactical decision as to his requested relief as to Grounds 6, 7 and 8(A) on the erroneous assumption (not due to his own fault) that all of the other claims remaining in the petition then would be decided on the merits.  In fairness, petitioner should be allowed to revisit his election as to these claims based upon the true state of affairs.

The Court accordingly will vacate its prior dismissal of these grounds, subject to the claims then being exhausted in the state courts on the stay.[10]

***Timeliness of Ground 1***

Respondents contend that the *King* decision necessitates the conclusion that Ground 1 in any event is untimely.  Respondents maintain that *King* also establishes a broad rule

---

[10]Respondents opposition arguments are directed essentially exclusively at petitioner's alternative request for leave to amend to re-add the claims should the Court decline to vacate the prior dismissal.  See #97, at 13-19.  The Court is not granting leave to amend; it is vacating the prior dismissal, which therefore is without effect.  The standards for granting leave to amend and for relation back of claims in amended pleadings have nothing to do with the action ultimately being taken by the Court in this order.

With the Court having held that a *Rhines* stay is appropriate as to Ground 1, the Court expresses no opinion as to whether the circumstances pertaining to Grounds 6, 7 and 8(A) otherwise would be sufficient to make a stay appropriate.  That is, there is no need or occasion to separately analyze whether a *Rhines* stay would be appropriate as to Grounds 6, 7 and 8(A) separate and apart from Ground 1.  The federal district court's decision in this context functionally is one solely of whether there is a basis for a stay of the federal proceedings.  With a stay ordered based on the circumstances pertaining to Ground 1, the question of what additional claim or claims should be presented to the state courts is a matter for petitioner to determine when seeking relief in those courts.  Any claims that are not exhausted following the stay must be dismissed, however.

1  under which a claim in an amended petition properly can relate back to a claim in a prior
2  petition under Rule 15(c) only if the claim in the earlier petition was exhausted prior to the
3  expiration of the federal habeas limitation period. Respondents assert that the claims in the
4  original petition corresponding to amended Ground 1 were not exhausted prior to the
5  expiration of the federal habeas limitation period and that the subsequent counseled
6  amended Ground 1 therefore was untimely because it did not relate back to an exhausted
7  claim.

8  The Court is not persuaded.[11]

9  *Inter alia*, the portions of the *King* opinion upon which respondents rely can be read in
10 the manner urged by respondents only if the Court reads out the Ninth Circuit's express
11 references – within the very same portions of the opinion – to unexhausted claims that
12 petitioner first dismissed (prior to a stay) and then sought to re-add by amendment (after a
13 stay).

14 In *King*, the petitioner maintained that he could "amend his nine initially unexhausted
15 claims back into his federal petition," 564 F.3d at 1142, on the basis that the post-stay
16 proposed amended claims related back under *Mayle v. Felix*, 545 U.S. 644, 125 S.Ct. 2562,
17 162 L.Ed.2d 582 (2005), to the same pre-stay claims in the original petition that had been
18 dismissed. The Ninth Circuit responded:

> We disagree. The only sensible interpretation of *Mayle* is that it requires new claims to relate back to claims properly contained in the original petition - that is, those claims that were exhausted at the time of filing. Only this interpretation of *Mayle* comports with *Duncan*'s reasoning about the goal of exhaustion in habeas cases. [*See Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001).] Wary of "creat[ing] ... opportunities for delay and piecemeal litigation without advancing the goals of comity and federalism that the exhaustion requirement serves," 533 U.S. at 180, 121 S.Ct. 2120, *Duncan* concluded that AEDPA's statute of limitations period must continue to run while federal habeas proceedings are pending.

---

[11]The Court assumes, only *arguendo,* that amended Ground 1 does not relate back to the same core of operative facts as any other exhausted claim in a prior petition in this case. The Court further assumes, *arguendo*, that respondents have not waived the timeliness defense by failing to raise it previously.

1
2
3
4
5
6
7
>533 U.S. at 172, 121 S.Ct. 2120. "By tolling the limitation period for the pursuit of state remedies and not during the pendency of applications for federal review," *Duncan* reasoned, "[we] provide[ ] a powerful incentive for litigants to exhaust all available state remedies before proceeding in the lower federal courts." Id. at 180, 121 S.Ct. 2120. Reading *Mayle* to permit post-exhaustion amendments to "relate back" to any ***claims included in but then dismissed from the original complaint***, as King suggests we should, would be equivalent to abandoning *Duncan* and simply tolling AEDPA's limitations period for the entire period during which a petitioner has a petition pending in federal court, so long as the petitioner had the foresight to include all of his unexhausted claims in the petition when he initially filed it.

8
9
10
>Rejecting such a self-defeating interpretation, we ***hold*** that *Mayle* requires a comparison of a petitioner's new claims to the properly exhausted claims ***left pending*** in federal court, not to any earlier version of the complaint containing ***claims subsequently dismissed for failure to exhaust***.

11 564 F.3d at 1142 (emphasis added). Only the language used in the second sentence in the

12 above quote, completely divorced from the remainder of the opinion, lends strained support

13 to respondents' position. The remaining portions of the quoted material clearly place the

14 Ninth Circuit's discussion within the context presented, that of unexhausted claims that the

15 petitioner had dismissed and then sought to re-add by amendment. The Ninth Circuit's stated

16 holding in *King* clearly and expressly is defined by that circumstance.

17 *King* thus makes no broad generally applicable holding that claims in an amended

18 habeas petition relate back under Rule 15(c) only to exhausted claims in a prior petition. The

19 Court accordingly rejects respondents' arguments in this regard and will deny respondents'

20 motion for summary judgment.

21 IT THEREFORE IS ORDERED that respondent's counter-motion for summary

22 judgment asserted within #97 is DENIED.

23 IT FURTHER IS ORDERED that petitioner's motion (#89) for a stay and for

24 reconsideration is GRANTED as per the remaining provisions of this order.

25 IT FURTHER IS ORDERED that the portion of the Court's prior order (#85) dismissing

26 Grounds 6, 7 and 8(A) hereby is VACATED such that the claims remain before the Court,

27 subject to their being exhausted in the state courts during the stay ordered herein.

28 / / / /

1     IT FURTHER IS ORDERED that this matter is STAYED pending the exhaustion of claims including those presented in Ground 1. Petitioner may move to reopen the matter following exhaustion and any party otherwise may move to reopen the matter and seek any relief appropriate under the circumstances.

    IT FURTHER IS ORDERED that, following upon the recent initiation of state proceedings, the grant of a stay is conditioned upon petitioner returning to federal court with a motion to reopen within forty-five (45) days of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of the state court proceedings.

    IT FURTHER IS ORDERED that the Clerk of Court shall ADMINISTRATIVELY CLOSE this action until such time as the Court grants a motion to reopen the matter.

DATED: July 30, 2009

*Edward C. Reed*

EDWARD C. REED
United States District Judge