# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ALLEN KOERSCHNER,

    *Petitioner*,

vs.

MICHAEL BUDGE, *et al.*,

    *Respondents.*

3:05-cv-00587-ECR-VPC

ORDER

    This habeas matter comes before the Court on respondents' motion (#109) to dismiss Grounds 1, 6, 7 and 8(A) on the basis of procedural default.

### *Background*

    Petitioner Allen Koerschner seeks to set aside his 1997 Nevada state conviction, pursuant to a jury verdict, of two counts of sexual assault of a minor. He is sentenced to two consecutive life sentences with the possibility of parole after ten years on each sentence.

    Petitioner initially was convicted of one count of sexual assault in 1992 on a guilty plea. On state post-conviction review, the Supreme Court of Nevada held that petitioner should be allowed to withdraw his plea on the basis that the district court failed to personally canvass him. After petitioner withdrew his plea, an amended information was filed. Following a jury trial, petitioner thereafter was convicted of two counts of sexual assault of a minor, with the judgment of conviction being entered August 19, 1997. See #88, at 1-3 (prior procedural history summary with record cites).

1    Petitioner challenged his 1997 conviction initially on direct appeal and through a state
2 post-conviction petition. He was appointed counsel in the state post-conviction proceedings.
3 On the state post-conviction appeal, petitioner sought to present certain additional claims via
4 a proper person brief, but the Supreme Court of Nevada denied him leave to do so because
5 he was represented by counsel on the appeal. He filed a motion to terminate the appointment
6 and to proceed *pro se* so that he could present the claims, which was denied. He additionally
7 filed an extraordinary original petition in the state supreme court during the pendency of the
8 state post-conviction appeal. The state high court denied the original petition.[1]

9    After the state supreme court affirmed the denial of his first state post-conviction
10 petition, petitioner filed a *pro se* federal petition. This Court appointed counsel for petitioner
11 relatively late in the federal proceedings following upon concerns as to petitioner's access to
12 the courts after substantial limitations were placed upon his access to prison legal resources.
13 *See Koerschner v. Warden*, 508 F.Supp.2d 849 (D. Nev. 2007).

14    On the counseled amended petition, the Court dismissed Grounds 3, 4 and 5 with
15 prejudice as time-barred, and the Court held that Grounds 6, 7 and 8(A) were not exhausted.
16 After petitioner dismissed the unexhausted claims, an answer and reply were filed on the
17 remaining Grounds 1, 2 and 8(B).[2]

18    Respondents raised, *inter alia*, an exhaustion defense as to Ground 1 that the Court
19 found to have merit. The Court stayed the action so that petitioner could return to the state
20 courts to exhaust the claim, and the Court also allowed petitioner to reinstate the previously-
21 dismissed Grounds 6, 7 and 8(A) so that petitioner could exhaust these claims as well during
22 the stay.[3]

23    In reopening the matter following the stay, the Court provided respondents an
24 opportunity to respond to the claims pursued during the stay, Grounds 1, 6, 7 and 8(A). The

---

[1] See #70, Exhs. 81, 84, 86, 96-101, 103-06, 108-09 & 114.

[2] See ## 63, 78 & 85-87.

[3] See ## 88 & 99.

-2-

Court noted that it would address Grounds 2 and 8(B) on the answer and reply previously on file in conjunction with its action on the other claims.[4]

Respondents have moved to dismiss Grounds 1, 6, 7 and 8(A) on the basis of procedural default following upon the state supreme court's rejection of the petition filed during the stay as untimely and as a successive petition. Respondents also seek dismissal of Ground 6 in the alternative as unexhausted.[5]

### *Discussion*

In reviewing the procedural history in this case, it appears that the Court's original holding that Grounds 6, 7 and 8(A) were not exhausted was entered prior to the Ninth Circuit's decision in *Chambers v. McDaniel*, 549 F.3d 1191 (9th Cir. 2008). In arguing the exhaustion issue at that time, petitioner did not directly challenge the general proposition that the original petition filed in the Supreme Court of Nevada would not exhaust any claims, which arguably was consistent with the case law at that time. Petitioner instead maintained that the original petition exhausted the claims in his case because he allegedly was allowed no other procedural avenue to exhaust the claims other than an original petition. This Court rejected this particular argument because petitioner did not pursue the claims in a state post-conviction petition filed in the state district court.[6]

Thereafter, petitioner did not seek reconsideration based upon *Chambers*, and petitioner did not invoke the Ninth Circuit's *Chambers* decision thereafter in arguing the exhaustion issue as to Ground 1 when raised in respondents' answer.[7]

The Court, however, is obliged to apply new case law to prior interlocutory rulings in the case, whether on motion or *sua sponte* if noted by the Court.

---

[4] #108.

[5] The page with the claim is missing in #101, Ex. 116, but is present in the actual state court record.

[6] See #78, at 5-8.

[7] Petitioner's prior counsel was elected to the state district court bench a short time before the Court's first exhaustion ruling, such that the file was in the process of being transferred to a different attorney prior to the Ninth Circuit's *Chambers* decision.

In *Chambers*, the Ninth Circuit held that the Supreme Court of Nevada had rejected an original petition on the merits and that the claims therein thus were exhausted. The Ninth Circuit held that the state supreme court's order constituted a disposition on the merits because the state high court stated in the body of the order that "[w]e have considered the petition on file herein, and we are not satisfied that this court's intervention by way of extraordinary relief is warranted at this time." In addition, the state high court stated in a footnote that "[w]e have considered all proper person documents filed or received in this matter, and we conclude that the relief requested is not warranted." 549 F.3d at 1195-99.

In the present case, the Supreme Court of Nevada used nearly identical language in the body of its order rejecting petitioner's original petition, stating: "We have considered the petition on file herein, and we are not satisfied that this court's intervention by way of extraordinary relief is warranted." And the state high court used virtually identical language in a footnote, stating: "We have received the proper person documents filed or received in this matter, and we conclude that no relief is warranted for the reason set forth above."[8]

There would appear to be no difference of material substance between the language used by the Supreme Court of Nevada in the order considered in *Chambers* and that used in the order in the present case. Accordingly, under *Chambers*, the claims presented in the original petition are exhausted. Given that the claims in federal Grounds 1, 6, 7 and 8(A) were presented by petitioner in the original petition, they are exhausted pursuant to the holding in *Chambers*.

The subsequent application of a state procedural bar to claims that previously were considered on the merits in the state courts does not give rise to a procedural default in the federal courts. *See, e.g., Cone v. Bell*, ___ U.S. ___, 129 S.Ct. 1769, 1781-82, 173 L.Ed.2d 701 (2009). Any procedural bars applied by the state courts to the petition pursued during the stay thus do not give rise to a procedural default of Grounds 1, 6, 7 and 8(A) in federal court.

---

[8] #70, Ex. 108.

The motion to dismiss on the basis of procedural default therefore will be denied, following upon the Court's revisiting of its prior holding on the antecedent exhaustion issue. Respondents will be directed to answer Grounds 6, 7 and 8(A) on the merits.[9]

In answering Ground 6, respondents should address the Confrontation Clause implications of the claim. The amended petition alleges a denial of due process with regard to the alleged evidentiary errors that separately each form a basis for Grounds 2 and 6. Respondents touched upon the Confrontation Clause aspects of the claim in answering Ground 2, and petitioner was more explicit in the reply in arguing that claim as a Confrontation Clause claim. At this juncture, as to Ground 6, any explicit reliance upon a Confrontation Clause legal theory would appear to relate back to the prior timely pleadings, and it appears that the Confrontation Clause theory was exhausted in the corresponding state claim.[10]

IT THEREFORE IS ORDERED that respondents' motion (#109) to dismiss is DENIED.

IT FURTHER IS ORDERED that, within thirty (30) days of entry of this order, respondents shall file an answer to Grounds 6, 7 and 8(A) on the merits and that petitioner may file a reply within thirty (30) days of service thereof. The Court will address Grounds 1, 2 and 8(B) on the existing answer and reply on file.

IT FURTHER IS ORDERED that, with regard to petitioner's *pro se* letter (#112) to Judge Pro requesting a copy of an unrelated decision in another case in this Court, petitioner's counsel shall inform petitioner that neither the Judges of the Court nor the Clerk provides either an opinion locator service or free copies of court decisions.

DATED: January 24, 2011

_____
EDWARD C. REED
United States District Judge

---

[9] Respondents previously answered Ground 1 on the merits in the alternative.

[10] A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely. *Mayle v. Felix*, 545 U.S. 644, 659 & n.5, 125 S.Ct. 2562, 2572 & n.5, 162 L.Ed.2d 582 (2005).