# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ALLEN KOERSCHNER,

    *Petitioner*,

vs.

MICHAEL BUDGE, *et al.*,

    *Respondents.*

3:05-cv-00587-ECR-VPC

ORDER

    This habeas matter comes before the Court on respondents' motion (#114) for reconsideration of the Court's denial of respondents motion to dismiss Grounds 1, 6, 7 and 8(A) on the basis of procedural default.

    In considering respondents' motion to dismiss in its earlier order, the Court *sua sponte* revisited its prior determination that the identified grounds had not been exhausted prior to the stay. The Court concluded that the claims were exhausted under the Ninth Circuit's intervening decision in *Chambers v. McDaniel*, 549 F.3d 1191 (9th Cir. 2008).

    Under the facts presented in *Chambers*, the Supreme Court of Nevada had issued an order denying claims presented in an extraordinary writ petition filed in that case on the following grounds:

> This is a proper petition for an extraordinary writ. Petitioner challenges the validity of his judgment of conviction and sentence. We have considered the petition on file herein, and we are not satisfied that this court's intervention by way of extraordinary relief is warranted at this time. Accordingly, we

> Order the petition DENIED.[FN1]
>
> [FN1] We have considered all proper person documents filed or received in this matter, and we conclude that the relief requested is not warranted.

See 549 F.3d at 1196; #114, Ex. A. The Ninth Circuit held that the use of the language in this order constituted a disposition in the merits, exhausting the claims in the extraordinary petition. 549 F.3d at 1196-99.

In the present case, the Supreme Court of Nevada rejected petitioner's original writ in that court on the following grounds:

> This is a proper person petition for a writ of habeas corpus in which petitioner challenges the validity of his judgment of conviction. We have considered the petition on file herein, and we are not satisfied that this court's intervention by way of extraordinary relief is warranted. A challenge to the validity of a judgment of conviction should be raised in a post-conviction petition for a writ of habeas corpus filed in the district court in the first instance.[FN1] Petitioner may appeal from a final, adverse decision on the petition.[FN2] Accordingly, we
>
> ORDER the petitioner DENIED.[FN3]
>
> [FN1] See NRS 34.724; NRS 34.738(1). We express no opinion as to whether petitioner could satisfy the procedural requirements of NRS chapter 34.
>
> [FN2] See NRS 34.575(1).
>
> [FN3] We have received the proper person documents submitted in this matter, and we conclude that no relief is warranted for the reason set forth above.

#70, Ex. 108.

Respondents' motion for reconsideration is premised upon the variances in language between the order in *Chambers* and the order in the present case. The Court is not persuaded.

In the prior order, the Court focused on the key language under *Chambers*:

> In *Chambers*, the Ninth Circuit held that the Supreme Court of Nevada had rejected an original petition on the merits and that the claims therein thus were exhausted. The Ninth

>Circuit held that the state supreme court's order constituted a disposition on the merits because the state high court stated in the body of the order that "[w]e have considered the petition on file herein, and we are not satisfied that this court's intervention by way of extraordinary relief is warranted at this time."  In addition, the state high court stated in a footnote that "[w]e have considered all proper person documents filed or received in this matter, and we conclude that the relief requested is not warranted."  549 F.3d at 1195-99.
>
>In the present case, the Supreme Court of Nevada used nearly identical language in the body of its order rejecting petitioner's original petition, stating:  "We have considered the petition on file herein, and we are not satisfied that this court's intervention by way of extraordinary relief is warranted."  And the state high court used virtually identical language in a footnote, stating:  "We have received the proper person documents filed or received in this matter, and we conclude that no relief is warranted for the reason set forth above."
>
>There would appear to be no difference of material substance between the language used by the Supreme Court of Nevada in the order considered in *Chambers* and that used in the order in the present case.  Accordingly, under *Chambers*, the claims presented in the original petition are exhausted. . . . .

#113, at 4 (record citation footnote omitted).

The distinctions relied upon by respondents in the language used in the present case are not material.  The key point is that the state supreme court stated that it had considered the petition and had determined that extraordinary relief was not warranted, stating its conclusion again in the footnote that relief was not warranted.  Under *Chambers*, any ambiguity in the state court's order must be construed against a construction that the disposition was on procedural grounds rather than the merits.  549 F.3d at 1197.

The state supreme court's reference to the normal avenues for state post-conviction relief does not remove all ambiguity and establish that the denial instead was on purely procedural grounds.  *Chambers* does not hold, as respondents maintain in their reply memorandum, that mere citation to a procedural statute, in and of itself, demonstrates a clear and unambiguous invocation of a state procedural disposition.  Rather, citation to a procedural statute in a "postcard denial" order that states simply that a petition is "denied," rather than is "considered," demonstrates that the dismissal is on procedural grounds.  *See* 549 F.3d at 1197-98.

1  The Court further is not persuaded that it should find that the disposition was on procedural grounds because the claims in the state court petition allegedly raised factual issues and required resort to record materials that were not attached with the petition. The *Chambers* panel referred to the fact that only a jury charge issue was raised in the petition there in further distinguishing the case from a prior order in *Hosier v. State*, 121 Nev. 409, 117 P.3d 212 (2005). The Court is not persuaded that the presence or absence of purely legal issues and/or the presentation of all necessary record materials with the petition have controlling significance under the analysis in *Chambers*. *See* 549 F.3d at 1198-99.

Finally, to the extent that respondents urge that *Chambers* represents a deviation from prior established United States Supreme Court, Ninth Circuit, and Supreme Court of Nevada case law, respondents will have to take that issue up with the Ninth Circuit or the United States Supreme Court. The Court notes that no petition for a writ of *certiorari* was filed in *Chambers*. This Court is bound to follow the controlling and apposite Ninth Circuit authority in *Chambers.*

IT THEREFORE IS ORDERED that respondents' motion (#114) for reconsideration is DENIED.

The Court will reach the claims remaining, on the papers presently on file, as promptly as its docket permits.

DATED: October 3, 2011.

_____
EDWARD C. REED
United States District Judge